# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | | |
|---|---|---|
| Jon Windham, | ) | Civil Action No.:_____ 4:25cv1578 JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| Equifax Information Services, LLC, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## <u>COMPLAINT</u>

1.     This is an action brought by Plaintiff, Jon Windham, for actual, statutory and punitive damages, attorneys' fees, and costs for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq, (hereinafter "FCRA").

2.     The FCRA exists to protect consumers' privacy and to impose upon those who trade in consumers' private information strict requirements to ensure that the information they report is as accurate as possible.

3.     The FCRA likewise demands that consumers' disputes of inaccurate information be taken seriously by the consumer reporting agencies, requiring that they do much more than simply pass information between themselves and furnishers of information electronically without actually investigating the substance of a consumer's dispute and consider all information available in conducting such investigations.

4.     Before the enactment of the FCRA, inaccurate and misleading information was identified as "the most serious problem in the credit reporting industry." 115 Cong. Rec.

1

2411 (Jan. 31, 1969). With this problem in mind, Congress enacted the FCRA "to prevent consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit report." S. Rep. No. 91-517 (1969).

5.     To accomplish Congress' goals, the FCRA contains a variety of requirements to protect consumers, including §§ 1681e and 1681i, which are two of the cornerstone provisions of the FCRA.

6.     One of the primary purposes of the FCRA is to assure "maximum possible accuracy" of consumer information to ensure the stability of our banking system:

> The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

See 15 U.S.C. § 1681(a)(1).

## JURISDICTION AND VENUE

7.     This Court has Jurisdiction under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681p, and 28 U.S.C. §1331, and §1332.

8.     Venue is proper in the Florence Division because the Plaintiff resides in Florence County and the Defendant transacted business in this division.

## PARTIES

9.     Plaintiff, Jon Windham, is a resident and citizen of the State of South Carolina, Florence County, and is over the age of twenty-one (21) years.  Plaintiff is a consumer as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

10.     Defendant Equifax Information Services, LLC ("Equifax") is a Georgia company

2

registered to do business in South Carolina with the South Carolina Secretary of State. Defendant may be served with process through its registered agent for service of process, Corporation Service Company, 508 Meeting Street, West Columbia, South Carolina 29169. At all times and in all respects relevant herein, Defendant was doing business in the state of South Carolina and in this division.

11.     Defendant Equifax is a credit reporting agency ("CRA") as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a.  Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

12.     Defendant disburses such consumer reports to third parties under contract for monetary compensation.

13.     Defendant's acts and omissions alleged herein are in violation of the Fair Credit Reporting Act which requires Defendant to provide a consumer a complete copy of their credit file upon request, to follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiff's credit file, and which requires Defendant to conduct a reasonable re-investigation of disputed information received from the Plaintiff.

14.     The Plaintiff alleges that Defendant repeatedly failed to delete and suppress erroneous, false, misleading, or inaccurate information from the Plaintiff's credit file, and failed to investigate Plaintiff's disputes.  Defendant repeatedly disseminated Plaintiff's inaccurate credit file to third parties, causing Plaintiff to be denied credit and subjected to further damages as set forth herein.

3

## FACTUAL ALLEGATIONS

15.     Carrington Mortgage Services, LLC ("Carrington") was the servicer for Plaintiff's mortgage, a loan opened on June 29, 2002, and ending in account number 3965 ("Mortgage").

16.     On or about May 12, 2014, Beneficial Financial I, Inc. ("Beneficial"), the alleged holder of the Mortgage, brought a foreclosure action against Plaintiff. *See Beneficial Financial I, Inc., successor by merger to Beneficial Mortgage Co. of South Carolina v. Jon Windham a/k/a Jon D. Windham, et al.*, Florence County, 2014-CP-21-00916.

17.     In response to the foreclosure action, Plaintiff filed a counterclaim asserting numerous causes of actions relating to Beneficial's malfeasance, including allegations that Beneficial violated the South Carolina Unfair Trade Practices Act.

18.     On or about September 8, 2017, the Court entered summary judgment in Plaintiff's favor on his counterclaims, including his claim that Beneficial willfully violated the South Carolina Unfair Trade Practices Act ("SCUTPA").

19.     Thereafter, Beneficial appealed the Order granting summary judgment in Plaintiff's favor to the South Carolina Court of Appeals.

20.     On or about August 5, 2020, the South Carolina Court of Appeals affirmed the Florence County Court's Order granting summary judgment on Plaintiff's claim that Beneficial willfully violated the SCUTPA.  Thereafter the case was returned to the Florence County Court for a trial on Plaintiff's remaining claims and a hearing on damages.

21.     On or about December 13, 2021, Plaintiff entered into a settlement agreement which precluded the Mortgage from ever being reported on the Plaintiff's credit reports.

4

22.    On or about April 13, 2023, completely unaware that the Mortgage was wrongfully being reported on his credit, Plaintiff sought a loan from South State Bank. South State Bank pulled Plaintiff's Equifax credit report and denied Plaintiff's loan request due to the Mortgage improperly and inaccurately being reported as 180-days.

23.    On or about April 20, 2023, Plaintiff obtained a copy of his Equifax credit report and discovered that Carrington was inaccurately reporting the Plaintiff's Mortgage as 180-days past due from March 2021, to September 2021. This was the only negative tradeline reporting on Plaintiff's Equifax credit report.

24.    On or about April 21, 2023, Plaintiff sent a letter to Equifax specifically disputing Carrington's reporting of the Mortgage as incorrect.  Plaintiff informed Defendant that the Mortgage was involved in litigation and resolved.  As a result, the Mortgage was not to be reporting at all.  Plaintiff also informed Defendant that the Mortgage was not 180-days past due.  In his letter, Plaintiff provided Defendant with his name, address, date of birth, and Social Security number.

25.    Defendant received Plaintiff's dispute on April 24, 2023.

26.    On or about May 3, 2023, Plaintiff received a letter from South State Bank stating the principal reason the loan application was denied was due to "delinquent past or present credit obligations with others" based on Plaintiff's credit report obtained from Equifax.

27.    The only delinquent tradeline reporting on Plaintiff's Equifax credit report was the inaccurate Mortgage.

28.    On or about May 15, 2023, in response to Plaintiff's dispute, Defendant sent Plaintiff the results of its alleged reinvestigation indicating that the Mortgage account had

5

been updated. However, while some information was updated, the account history continued to report the mortgage as 180-days past due from March 2021, through September 2021.

29.     On or about May 25, 2023, Plaintiff sent a second letter to Equifax wherein he again disputed the Mortgage account. Specifically, Plaintiff stated in his letter that the Mortgage was due to be deleted from his credit report and that he disputed ever being late on the mortgage payments. With his letter, Plaintiff included a copy of the Court Judgment entered in his favor concerning the Mortgage. Plaintiff also stated he had been denied credit because of the inaccuracy.

30.     Defendant received Plaintiff's second letter on or about May 29, 2023.

31.     On or about June 22, 2023, in response to Plaintiff's second dispute, Defendant sent Plaintiff the results of its reinvestigation again showing the Mortgage account had been verified and continued to be reported as 180-days late.

32.     On September 30, 2024, Plaintiff applied for an auto loan with Raceway Ford to purchase a new truck. While Plaintiff was able to obtain the loan, it was not at the best available rate due to Defendant's continued reporting of the inaccurate Mortgage tradeline.

33.     On April 12, 2024, Plaintiff obtained a new copy of his Equifax credit report and was extremely upset and frustrated to see that the disputed Mortgage continued to be reported on his Equifax report with seven months reporting as 180-days past due.

34.     On March 11, 2025, Plaintiff again obtained a copy of his Equifax credit report hoping it had finally been corrected. Unfortunately, this report showed that Defendant is continuing to report the inaccurate Mortgage tradeline on Plaintiff's credit.

35.     During the past two years, Plaintiff's inaccurate Equifax credit report has been viewed by Raceway Ford, SouthState Bank, Capital One, ODK Capital, Inc., and US Bankcorp-Elavon.

36.     Despite Plaintiff's prior disputes, Defendant continues to wrongfully report the inaccurate Mortgage on Plaintiff's credit file as 180-days past due.

37.     Defendant failed to make a reasonable investigation into Plaintiff's disputes.

38.     Upon receipt of the ACDV responses, Defendant simply accepted the furnisher's verifications of the Mortgage and did not undertake to perform any investigation of its own.

39.     For over 35 years, courts have recognized that a CRA cannot rely upon its data furnishers exclusively, when the consumer disputes the accuracy of the furnishers' information.  The CRA must make some independent investigation of its own.  "Merely reporting whatever information the creditor furnished was not reasonable, especially where the defendant knew of the impending dispute between the [consumer] and [furnisher]." *Swoager v. Credit Bureau of Greater St. Petersburg,* 608 F.Supp. 972 (M.D. Fla. 1985); *see also Bailey v. Equifax Credit Info. Servs.,* 2016 U.S. Dist. LEXIS 196516, 2016 WL 11540113 (N.D. Ga. Nov. 28, 2016); *Crane v. TransUnion*, 282 F. Supp. 2d 311 (E.D. Pa. 2003)(explaining that a CRA must "go beyond the original source" to satisfy its duties to investigate).

40.     If the CRA knows or should know that the furnisher is unreliable, then a "reasonable reinvestigation" may require verifying the accuracy of the furnisher's information directly. The "grave responsibility" imposed by §1681i(a) must consist of something more than merely parroting information received from other sources. *Cushman v. Trans Union Corp.*,

115 F.3d 220, 225 (3d Cir. 1997).

41.    Equifax's knowing and repeated conduct warrants an award of punitive damages. *See, e.g., Younger v. Experian Info. Sols. Inc.,* Case No. 2:15-cv-00952-SGC, at *30 (N.D. Ala. Mar. 21, 2019) (awarding punitive damages for repeated, willful violations of the FCRA).

## COUNT ONE
(Fair Credit Reporting Act)

42.    The Plaintiff adopts the averments and allegations of paragraphs 15 through 41 hereinbefore as if fully set forth herein.

43.    Defendant maintains and distributes credit data files on the Plaintiff's credit. Defendant negligently failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq., including but not limited to:  (a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b); and (b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

44.    Defendant repeatedly failed to delete and suppress erroneous, false, misleading, and/or inaccurate information from the Plaintiff's credit file.

45.    As a result of Defendant's negligent violations of the FCRA, the Plaintiff suffered, continues to suffer, and will suffer future damages, including, but not limited to, damage to Plaintiff's credit score and credit reputation, denial of credit, increased cost of credit, anxiety, worry, fear, loss of sleep, headaches, loss of enjoyment of life, physical pain and sickness, frustration, humiliation, embarrassment and mental anguish. Plaintiff is entitled

to actual damages in an amount to be determined by the jury.

46.    In addition, the Plaintiff has incurred litigation expenses and attorneys' fees which, but for the acts and omissions of Defendant alleged herein, would not have been necessary.

47.    Plaintiff is entitled to his attorneys' fees, pursuant to 15 U.S.C. §1681n(a).

### COUNT TWO
(Fair Credit Reporting Act)

48.    The Plaintiff adopts the averments and allegations of paragraphs 15 through 47 hereinbefore as if fully set forth herein.

49.    Defendant willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq., including but not limited to: (a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b); and (b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

50.    Defendant willfully failed to delete and suppress erroneous, false, misleading, and/or inaccurate information from the Plaintiff's credit file.

51.    Due to Defendant's willful failure to comply with the requirements of the Fair Credit Reporting Act, Plaintiff is entitled to statutory damages.

52.    As a result of Defendant's willful violations of the FCRA, the Plaintiff suffered, continues to suffer, and will suffer future damages, including, but not limited to, damage to Plaintiff's credit score and credit reputation, denial of credit, increased cost of credit, anxiety, worry, fear, loss of sleep, headaches, loss of enjoyment of life, physical pain and sickness, frustration, humiliation, embarrassment and mental anguish. Plaintiff is entitled

to actual damages in an amount to be determined by the jury.

53.    In addition, the Plaintiff has incurred litigation expenses, and attorneys' fees which, but for the acts and omissions of Defendant alleged herein, would not have been necessary.

54.    Further, Defendant's acts and omissions were willful and demonstrate a reckless disregard for the Plaintiff's rights.  Therefore, Defendant is liable to the Plaintiff for punitive damages in an amount to be determined by the jury.

55.    Plaintiff is entitled to his attorneys' fees, pursuant to 15 U.S.C. §1681o(a)(2).

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against Defendant for the following:

A.    Actual and statutory damages from Defendant pursuant to 15 U.S.C. §1681n(a)(1)(A) and/or 15 U.S.C. §1681o(a)(1);

B.    Punitive damages from Defendant pursuant to 15 U.S.C. §1681n(a)(2);

C.    Costs and reasonable attorney's fees from Defendant pursuant to 15 U.S.C. §1681n(a)(3) and/or 15 U.S.C. §1681o(a)(2); and

D.    For such other and further relief as the Court may deem just and proper

*/s/ Penny Hays Cauley*
Penny Hays Cauley, Fed.  ID No.  10323
Attorney for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
1303 West Evans Street
Florence, SC 29501
(843) 665-1717
phc917@hayscauley.com

10

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

*/s/ Penny Hays Cauley*

Of Counsel

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL:**

Equifax Information Services, LLC
c/o Corporation Service Company - Registered Agent
508 Meeting Street
West Columbia, SC 29169